José Delgado-González, Plaintiff and Appellant, v. Avelino Márquez-Díaz and Saturnino Dávila, Defendants and Appellees.

No. 4190. Argued May 9, 1927.—Decided July 12, 1927.

*M. Rodríguez Serra* for the appellant. *González Fagundo & González Jr.* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José Delgado González brought an action of intervention in the District Court of Humacao on August 30, 1922. On the 22nd of the following September the question was set out in writing by his attorney, Celestino Benítez. The defendant Márquez answered in opposition on October 10, 1922. Time passed without further action and on November 21, 1924, the court ordered the dismissal of the case for abandonment.

At the foot of that order is a note reading as follows:

"Copy of the foregoing order forwarded to Celestino Benítez, Juncos, attorney for the plaintiff, this 21st day of November, 1924. (Signed) A. Ramírez, Jr., Clerk."

Then follows a motion by defendant Márquez of March 6, 1926, for judgment against the plaintiff and his sureties, and an order granting the motion, at the foot of which is a note reading as follows:

"The undersigned clerk certifies that today, the 13th of May, 1926, he has forwarded by registered mail copies of the foregoing order to Celestino Benítez, of Juncos, as attorney for intervenor José Delgado González, to Miguel Santiago Morales and Onofre Solano, both of Caguas, as sureties.—Humacao, P. R., May 13, 1926. (Signed) A. Ramírez, Jr., Clerk. There are three post office receipts showing the forwarding by registered mail by the clerk of the municipal court of three envelopes to Miguel Morales Sánchez, Caguas, to Onofre Solano, Caguas, and to Celestino Benítez, Juncos, on May 13, 1926, signed by J. Carreras, Postmaster."

On February 10, 1927, the intervenor, by attorney M. Rodríguez Serra, filed a notice of appeal to this Supreme Court from the ruling of November 21, 1924, and the order of May 12, 1926.

On the 13th of April the appellee moved for dismissal of the appeal on the ground that it had been taken after the expiration of the statutory period. The appellant objected, alleging that the time for appealing had not expired because of failure to file with the record the notices of the orders appealed from and the time begins to run from the filing of such notices. On May 9th the parties were heard on the motion.

The question involved in this case has been debated on several occasions by this court. See *Cruz et al.* v. *Heirs of Jiménez*, 32 P.R.R. 767, and the concurring opinion of Mr. Justice Wolf on page 774.

In the case of *Del Rosario* v. *Allende*, 33 P.R.R. 733, it was held in the opinion delivered by Mr. Justice Wolf—

"That the mere addition to the record of a dated certificate not signed by the clerk to the effect that on that day a copy of the notice of judgment was sent to the party cast does not constitute the due filing of the notice of judgment from which the time for appealing begins to run according to section 2 of the Act of 1911."

Can the notes of the clerk as quoted take the place of the filing of the notice with the record? It is not possible; the law is explicit. It provides that the clerk shall mail "a written notice to the losing party when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, *and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.*"

It is incomprehensible that a statute so explicit and of such importance to the parties should not be complied with by the proper officials. The parties, by their attorneys, should see to it that the law is complied with, for as said in the concurring opinion in *Cruz et al.* v. *Heirs of Jiménez*, *supra*, "The beginning of a limitation on the right to appeal

is strictly construed in favor of the appellant. 3 C. J. 1059 *et seq.*, citing, among others, California and Louisiana cases.''

The motion to dismiss is overruled.